UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. HUDSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:10CV970 TIA |
| ) | |
| GLAXOSMITHKLINE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand and Request for Expedited Consideration. Also pending is Defendant's Motion to Stay. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiffs William E. Hudson and Willie Mae Jones filed this action in Missouri state court seeking damages for personal injury and economic damages resulting from the Plaintiffs' use of Avandia, a drug used to treat diabetes. GlaxoSmithKline develops, markets, and sells pharmaceuticals, including Avandia. On May 27, 2010, Defendant removed the case to this Court, asserting diversity jurisdiction. However, both GlaxoSmithKline and William E. Hudson are citizens of Delaware. Plaintiff Jones is a citizen and resident of Missouri. On May 28, 2010, Plaintiffs filed the present Motion to Remand, asserting that complete diversity between the parties did not exist, thus warranting remand to the Missouri state court. Defendant filed a memorandum in opposition, but withdrew its Brief in Opposition on July 14, 2010.

Because Defendant no longer opposes the motion to remand, little discussion is necessary. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district

court. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id. (citation omitted).

Here, complete diversity of citizenship does not exist, and this Court does not have jurisdiction. Both Plaintiff Hudson and Defendant GlaxoSmithKline are citizens of the same state, Delaware. Therefore, the Court will grant Plaintiffs' Motion to Remand and remand the case to the Missouri state court for lack of diversity jurisdiction.[1] See In re Prempro, 591 F.3d at 616-17 (finding remand proper where plaintiffs' sued drug manufacturers for alleged injuries resulting from the use of HRT medications, and some of the plaintiffs had the same citizenship as the manufacturers).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand and Request for Expedited Consideration [Doc. #13] is **GRANTED** and the Clerk of the Court shall remand this case to the Missouri Circuit Court for the City of St. Louis.

---

[1] The undersigned notes that Defendant removed 6 identical cases to this district court, and all cases have now been remanded to state court. See, e.g., Hall v. GlaxoSmithKline, LLC, __ F. Supp. 2d __, No. 4:10CV965MLM, 2010 WL 2473387 (E.D. Mo. June 16, 2010); Douglas v. GlaxoSmithKline, LLC, No. 4:10CV971 CDP, 2010 WL 2680308 (E.D. Mo. July 1, 2010); Dickerson v. GlaxoSmithKline, LLC, No. 4:10CV00972 AGF, 2010 WL 2757339 (E.D. Mo. July 12, 2010).

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay [Doc. #10] is **DENIED**.

        /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   20th   day of July, 2010.